[Docket Nos. 76, 84]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| RANDOLPH BETHUNE,<br><br>      Plaintiff,<br><br>      v.<br><br>SHERRY LACHICA, et al.,<br><br>      Defendants. | Civil No. 08-5738<br>(RMB/KMW)<br><br><br><br>**OPINION AND ORDER** |

    Defendants Sherry R. LaChica ("LaChica") and John Yohn ("Yohn") (collectively, the "Defendants") have moved for judgment as a matter of law under Rule 50(b).  For the reasons that follow, that motion is DENIED.

I.    <u>Background</u>

    Plaintiff Randolph Bethune (the "Plaintiff") was an inmate incarcerated at Cape May County Correctional Center as a pre-trial detainee.  Plaintiff claims that the Defendants, corrections officers in the facility, and other corrections officers violated his Fourteenth Amendment rights by using excessive force against him.

    Specifically, Plaintiff claims that, while he was being escorted from the medical department, LaChica pushed him with her left hand to prod him forward.  Plaintiff then turned to look at LaChica.  LaChica then grabbed Plaintiff's arm and pushed his

1

body and face toward a concrete wall.  A Code Blue emergency was called with Yohn and other officers coming to assist LaChica. These officers, according to Plaintiff, threw Plaintiff to the floor and beat and kicked him even though he was not resisting at the time.  LaChica did not participate in the "takedown" of Plaintiff by these officers and LaChica's direct involvement in the episode ends there.

Plaintiff was then picked up by the officers, including Yohn, and carried to be placed in a restraint chair.  Plaintiff claims that the method in which he was carried constituted excessive force.  In particular, Plaintiff claims that Yohn struck Plaintiff's face with his knee several times while carrying Plaintiff.  Plaintiff also claims that, before being placed in the restraint chair, he was placed on the ground and beaten again by officers including Yohn.  Plaintiff also claims that the officers, including Yohn, made the restraints in the restraint too tight and that this too constituted excessive force.

Plaintiff asserted claims based on this sequence of events, most of which was captured on videotape, against the Defendants and two additional corrections officers - Joseph Tallerico ("Tallerico") and Charles Magill ("Magill").  The Defendants vigorously dispute Plaintiff's account; they claim that they never struck Plaintiff and that the force that was used was

2

appropriate under the circumstances.  After a trial, the jury returned a verdict of no cause against Tallerico and Magill and hung with respect to the Defendants.

II.  Standard

A motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) is granted only sparingly.  It "should be granted only if, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability."  S.E.C. v. Teo, No. 2:04-cv-01815, 2011 WL 4074085, at *9 (D.N.J. Sep. 12, 2011)(citing and quoting Lightning Lube, Inc. v. Witco Corp., 4. F3d 1153, 1166 (3d Cir. 1993).  In making this determination, the Court may not weigh evidence, determine credibility, or substitute its version of the facts for the jury's version. Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007).

III. Analysis

Defendants argue that judgment as a matter of law is warranted with respect to both Yohn and LaChica.  The Court addresses each Defendant in turn.

   A.   Officer Yohn

With regard to Yohn, Defendants contend that: (1) Plaintiff's account of Yohn's participation in the events at issue, which was flatly denied by Yohn, is generally not credible

3

in light of the video evidence; (2) the lack of an expert witness is fatal to Plaintiff's claim based on improper carrying and use of the restraint chair; (3) the fact that the carrying of Plaintiff and use of the restraint chair was done at the direction of Yohn's supervisor, Sergeant Campbell, insulates Yohn from liability; and (4) the jury's finding of no cause with respect to Yohn's co-defendant Tallerico is fatal to Plaintiff's claims based on the alleged improper carrying and use of the restraint chair.

On the first issue, this Court cannot assess Plaintiff's credibility on a motion for judgment as a matter of law. Marra, 497 F.3d at 300.  Moreover, the video evidence was susceptible to multiple interpretations and, while it could reasonably support Defendants' version of events, it could also reasonably support a finding of liability by Yohn.  Both facts preclude judgment as a matter of law on this basis.

On the second issue, an expert witness was unnecessary to opine on these issues.  It was within the jury's own competency to assess whether the method use by Yohn in carrying Plaintiff, and, particularly, Yohn's alleged striking of Plaintiff with his knee while carrying Plaintiff, was appropriate.  It was also within the jury's own competency to assess whether the restraint chair was used in an appropriate manner.  And, with respect to the use of the restraint chair, the jury also had the ability to

4

consider the expert testimony of Gary J. Hilton who testified that the restraint chair should not be "used as a punitive vehicle" and should not be used for "the purpose of inflicting pain." Accordingly, judgment as a matter of law is unwarranted on this basis.

On the third issue, that these actions were taken at the command of Sergeant Campbell does not shield Yohn from liability for two reasons.  First, Defendants' argument reverses the law. That Sergeant Campbell directed the actions at issue could potentially support his own liability for the use of excessive force against Plaintiff, not protect Yohn from liability.  See Giles v. Kearney, 571 F.3d 318, 329 n. 5 (3d Cir. 2009)(noting that excessive force claims require personal involvement of the defendant, which may be demonstrated by "personal direction"). Second, even if Defendants' argument had merit in the abstract, there is no evidence here that Campbell directed Yohn to knee Plaintiff in the head while carrying him or tie his restraints to the point of inflicting pain, as Plaintiff testified.

Finally, the finding of no cause with respect to Tallerico is not fatal to Plaintiff's claims against Yohn based on the carrying of Plaintiff and use of the restraint chair.  The two findings are not necessarily inconsistent.  With respect to the former, Yohn's alleged striking of Plaintiff while he was carrying Plaintiff could provide a basis for the jury to

distinguish between Tallerico and Yohn. With respect to both the carrying and use of the restraint chair, viewing the evidence in the light most favorable to the Plaintiff and giving him the advantage of every fair and reasonable inference, as required, the jury could have also differentiated between Yohn and Tallerico's use of force based on their own examination of the video evidence. Therefore, judgment as a matter of law is unwarranted on this basis.

    B.    <u>Officer LaChica</u>

Defendants argue that judgment as a matter of law with respect to LaChica is warranted because of Plaintiff's own testimony that LaChica "did her job" and that "LaChica "wasn't trying to physically hurt [him]." This testimony does not warrant judgment as a matter of law with respect to LaChica for two reasons. First, Plaintiff's testimony could be interpreted more narrowly than Defendants suggest. That testimony came in the context of questions concerning LaChica's lack of participation in the "takedown" of Plaintiff, after LaChica had pushed him against the wall. A jury could reasonably have drawn the inference that Plaintiff was solely addressing the appropriateness of her conduct during that portion of the episode. Plaintiff's admission that LaChica's behavior was appropriate at that time does not compromise the viability of his claim based on LaChica's earlier use of force. Second, a jury

6

could choose to discredit this testimony and instead rely on the video evidence.  While that evidence could reasonably support a finding for Defendants, it could also reasonably support a finding of liability for LaChica.

IV.  Conclusion

    For all these reasons, Defendants' motion for judgment as a matter of law is DENIED.  Counsel are directed to contact the Court's Deputy Clerk to schedule a trial date in June 2012.


                                              <u>s/Renée Marie Bumb</u>
                                              RENÉE MARIE BUMB
                                              UNITED STATES DISTRICT JUDGE

Dated: <u>April 18, 2012</u>